THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* WILLIAM ARANA RODRÍGUEZ, Defendant and Appellant.

No. 15095.   Argued November 5, 1951.—Decided November 5, 1951.

*José Castro Figueroa* for appellant.   *Víctor Gutiérrez Franqui, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The defendant was accused of the crimes of carrying a prohibited weapon and of not registering a firearm. He was acquitted in the district court of the latter charge but convicted of the former. He appealed from the judgment

sentencing him to three months in jail. The only assignment is that the lower court erred "in finding the defendant guilty of the crime of carrying a prohibited weapon, when the proof established that the defendant had incidentally found the firearm."

▆▆ Johnnie Andino Morán, the first witness for the government, testified that on October 20, 1950 he was in a furniture store managed by Raúl Santana when the defendant entered the store with a revolver in his hand, pointed it at Santana, and said "get back". Santana then jumped on the defendant to disarm him and a shot was fired.

Santana, also a government witness, testified to the same effect, except that he added that the defendant pointed the gun at him "jokingly". He stated that "I thought a shot might be fired or something, I grabbed his hand and in grabbing his hand and squeezing it, a shot was fired." The defendant had his finger on the trigger at the time. When the joking was over, the defendant told him he had found the revolver under a bench in the plaza and to keep it for him as he was going to take it to police headquarters the next day.

Freddie García Vázquez, the first witness for the defendant, and the defendant himself corroborated Santana's testimony. The defendant testified that about five or six p. m. he found the revolver in a sack under a bench in the plaza which was twelve meters from the furniture store and that his thought was "to pull a joke on my friend in order to notify him of what I had found."

In disposing of the two cases, the district court made the following statement: "The court wishes to explain for the record that in the case of failure to register a firearm, the court acquits the defendant because it has doubts as to whether this revolver was found in the plaza the same day a few minutes before or was found prior to that time. If it was found on that day, he did not have time to have the firearm registered as the lapse of time between finding the

revolver and the incident could have been so short that he would not have had sufficient time to have the firearm registered. The defendant himself admitted that he took the revolver out of the sack and that he showed it to the others; that he did not do what is normally done with a firearm which is found but rather he used it illegally and he converted an incidental possession into an illegal carrying, he carried it during a sufficient period of time, so that what could have been an incidental carrying was converted into an illegal carrying. He is therefore guilty of carrying a prohibited weapon."

The foregoing quotation indicates that the lower court believed the story of the defendant that he found the firearm. Under those facts his original possession of the revolver was incidental. And he could not have been charged with unlawful carrying if he had carried it for a reasonable time in order to deliver it to the appropriate authorities. *Cf. People* v. *Moll,* 28 P.R.R. 733; *People* v. *Pérez,* 40 P.R.R. 724; *People* v. *Robert,* 60 P.R.R. 815; *People* v. *Suazo,* 65 P.R.R. 27. But this does not mean that, after finding the revolver, the defendant could do what he wished with it. Having decided to take possession of the revolver, he could keep it and carry it only to the extent reasonably necessary to deliver it to a policeman or other official. Instead, he chose to use it for his own purposes. Whether he was serious or joking, the conduct of the defendant in carrying the revolver to the furniture store and in brandishing it at that place constituted illegal carrying. See *People* v. *Ríos,* 41 P.R.R. 759; *People* v. *Dieppa,* 43 P.R.R. 299; *People* v. *Gil de Lamadrid,* 70 P.R.R. 875.

The judgment of the district court will be affirmed.